

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-00258-02 |
| VERSUS | * | JUDGE DEE D. DRELL |
| BRADY WITCHER | * | MAGISTRATE JUDGE KIRK |

## PLEA AGREEMENT

1. In consideration of the Defendant, **BRADY WITCHER**, entering a plea of guilty to Count 1 of the Indictment pending in the record of this matter, a basis in fact for said plea being established by the Court pursuant to Rule 11(f), Federal Rules of Criminal Procedure, the Government agrees that the pending Indictment will constitute Defendant's sole criminal exposure based on the investigation which forms the basis of the Indictment. The Defendant understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

2. The Defendant understands that as part of the presentence investigation, the Government will make available to the Court all evidence developed in the investigation of this case.

3. The Defendant acknowledges and understands that this case is governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), and has discussed the Sentencing Guidelines and their applicability with his counsel. The Defendant understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation and that sentencing in this matter is within the discretion of the Court.

4. The Defendant further understands and acknowledges that the maximum punishment on Count 1 is a fine of not more than $250,000.00 (pursuant to 18 U.S.C. § 3571), or a term of imprisonment of not more than ten (10) years, or both, and that under the Sentencing Reform Act, the Defendant may receive a term of Supervised Release of not more than three (3) years, in addition to any term of imprisonment imposed by the Court. The Defendant understands that a violation of the conditions of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court. The Defendant further understands that the period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed.

5. The Government hereby moves pursuant to U.S.S.G. § 3E1.1(b) (Acceptance of Responsibility) for the Defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

6. The Defendant acknowledges and agrees that the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

7. The Defendant further understands that, in accordance with 18 U.S.C. §3013, upon his conviction the Court shall assess upon him the amount of $100.00 per count. Defendant understands and agrees that, as a condition of this Plea Agreement, this assessment **must be paid by the Defendant at the guilty plea by means of cashier's check or money order made payable**

to "**Clerk, U. S. District Court.**" The Defendant further understands that said assessment is in addition to the maximum punishment referred to in the preceding paragraphs.

8. The Defendant understands that in addition to the penalties set forth in the preceding paragraphs, the Court must order restitution. Defendant further agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge to which he has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and the further investigation by the Probation Office contained in the Presentence Report. The method of payment is in the discretion of the Court.

9. The Defendant understands that the Government will recommend to the Court that any fine imposed as part of the Defendant's sentence be made due and payable immediately. The Government will further recommend that the Court order that any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine be applied toward the fine.

10. The Defendant agrees to cooperate fully and truthfully in the Government's investigation and prosecution of the acts which led and relate to the charges in this matter, such cooperation including but not limited to testifying before the grand jury or at trial if requested. The Defendant understands that his failure to testify truthfully can result in the Defendant being prosecuted for perjury or giving false statements and in the Government withdrawing from this Plea Agreement.

11. This is the entire Plea Agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney.

Signed this __19__ day of December, 2008.

DONALD W. WASHINGTON
United States Attorney

CYTHERIA D. JERNIGAN (D.C. Bar #494742)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600

BRADY WITCHER
Defendant

ALLEN L. SMITH, III
Attorney for Defendant